Taliaferro, J.
For the year 1861 an assessment of $14,925, was made by the city authorities upon the capital of the Home Mutual Insurance Company.
Payment of a large portion of this tax was refused, on the ground of its alleged illegality. Suit for its recovery was instituted in the Second District Court, and judgment obtained, from which the company took a suspensive appeal, that is now before this Court. In November, 1864, the insurance company was compelled, under a military order of General Banks, to pay to the city the amount of the judgment, to-wit: $14,925, with twelve per cent, interest (reduced afterwards by remittitur to ten, per cent.) from the 1st June, 1862, until paid. The military order.reí-served to the company the right to reclaim by suit, and recover the sum. then paid under that order. The object of the present suit is to recover from the city the sum of $11,032 25, with eight per cent, interest from, the 3d day of November, 1864, until paid, on account of the.alleged illegal tax the company was required to pay. ■ • < ¡,, ,■
To the plaintiff’s petition the defendant filed a peremptory exception, averring that plaintiff has no right of action, which was overruled, and the defendant has appealed. \ '.
. This controversy arises from the levying of a tax by the city authorir.. ties upon certain bank stock and railroad bonds, forming component parts of the capital of the company. These securities, the company contends are exempted by law from taxation. This is not denied; but it is, held that the tax is laid upon the bonds and stocks as capital, and not , as bonds and stock eo nomine, and therefore, there is no infringement of the law. ’ .
A confliction of opinion has arisen on this subject, not only in this State, but in other States of the Union, and much litigation has grown ' out of it. A distinction is taken between nominal and actual capital. 1,,
By the provisions of the seventieth and seventy-second sections of the city charter, the city has the right to tax corporations upon the amount , *448 of their capital stock paid in and secured to be paid in, excepting capital stock owned by the City and State, and that paid for real estate, which is to be taxed as other real estate.
Capital stock paid in and secured to be paid in, “ means, by the defendant’s construction, the nominal or fixed capital stock of corporations as contradistinguished from their real or actual capital — their assets. Nominal or fixed capital stock, as applied to corporations, means, as contended by defendant, the nominal amount of capital stock specified in the act of incorporation, without any reference whatever to the nature, character, description or value of the property or assets of the corporation. That actual or real capital means no more nor less than the actual property or assets of the corporation.
The plaintiff complains that the uniformity and equality of taxation, required in this State, is violated by the system of taxation contended for by the defendant; that the power conferred upon tlio city of Now Orleans is a power to lay an equal and uniform tax upon all property, real or personal, in said city; and that equity and good faith forbid the 2>rinciple which permits the taxation of bank stocks and bonds specially exempted by law from taxation, under the unreal and imaginary distinction assumed by defendant between nominal and actual capital.
The proposition that capital may be taxed, whether it be composed of property subject to taxation or not, by calling it nominal capital, would seem to involve difficulties that are not easily escaped from. If this nominal capital is to be considered as something essentially different from ■ the actual capita], a mere abstraction, an airy something luiving no connection with or relation to substantive property', which, for useful purposes, is the only capital after all, then it follows, as this unreal, ideal .capital alone is taxed, that the substantive, tangible capital, composed of money, stocks, bonds or real estate, or scroll parts of these as are not exempted from taxation, is liable also to separate taxation. Why not? Shall the answer be that it cannot be taxed because the nominal capital is taxed? If this be a sound reason, does it not concede that there is some connection between the nominal and the actual capital? Would not such a reason admit that the actual capital is either in whole or in part the nominal capital? If the sum named in the act of incorporation as the capital, is to be the unvarying standard, and to be termed the nominal capital of the corporation, upon which the tax is to be assessed, and the actual capital left out of view altogether, the tax imposed could be considered in no other light than as a tax annexed .to the franchise, as a royalty for the grant, a quid pro quo, a tribute annually paid for the act of incoporation. ' But upon what ground would this royalty for the grant rest? If it be a sovereign prerogative, the Legislature has not the power to grant it. If that be not the character of the tax, a grave question might arise as to its legality, for by the Constitution of the State all property is required to be taxed in proportion to its value, to, be ascertained by assessment.
The city seems to exercise the taxing power in regard to corporations without a valuation of the property except real estate. The city assessors are: empowered to require the President, or other proper officer of the company, to furnish under oath, a statement of the amount of its capital *449 stock paid in and secured to be paid in, the amount of real estate owned by the company, and the sums actually paid therefor.
We have been referred to decisions of the New York Court of Appeals in cases involving the question raised in this case, and tó a decision of the Supreme Court of New Jersey, on the same point.
The rulings of the courts of those States are relied upon, on thé part’Óf the defendant, as entitled to great consideration. By'an act1 of the Legislature of the State of New York, passed in the year 1857,1 the capital stock of the banks was required tobe assessed and taxed' at' Us actual value. Under this act arose the case of the Bank of Commerce v. New York City, 2 Black’s Reports, 620. The judgment of the Court of Appeals of New York sustaining the tax levied on the nominal capital was reversed by the Supreme Court of the United States. Mr.' Justice Nelson said, “ The stock, then, is held by the bank, the same as such stocks’are held by individuals, and alike subject tó taxation, or exemption by" State authority.” ,<•
In 1863, another act was passed by the New York Legislature, oil the subject of the basis on which corporations were to be taxed. .This act of 1863 directs that the tax shall be imposed “ on a valuation equal to'the amount of their capital paid in or secured to be paid in, etc, ” in the same manner that taxes are imposed upon corporations by the city, of New Orleans, and which has given rise to several eases before this Court. Under the New York law of 1863, originated the later case' o'f “ The People of the State of New York, ex rel., The Bank of the Commonwealth, v. The Commissioners of Taxes of the City of New York.” American Law Register, vol. 4th, N. S. p. 277.
In this case, the Appellate Court of New York again sustained the dóctrine of the “nominal capital ” and dwelt at considerable length upon the distinction between actual and nominal capital. The judgment, on appeal to the Supreme Court of the United States, was reversed, and the same views expressed by the last-named tribunal that were announced in the case of the Bank of Commerce v. New York City. In the latest case, the one in which “ The People, ex rel., The Bank of the Commonwealth, were plaintiffs against the Commissioners of Taxes, the Supreme Court of the United States, through Mr. Justice Nelson, said:
“When the capital of the banks is required or authorized by the law to be invested in stocks, and among others, in United States stock, under their charters, or articles of association, and this capital, thus invested, is made the basis of taxation of the institutions, there is great difficulty in saying that it is not the stock thus constituting the corpus or body of the capital that is taxed. It is not easy to separate the property in which the capital is invested from the capital itself. It requires some refinement to separate the two thus intimately blended together. The capital is not an ideal, fictitious arbitrary sum of money, set dowm in the articles of association, but, in the theory and practical operation of the system, is composed of substantial property, and which gives value and solidity to the stock of the institution. It is the foundation of its credit in the business community.
The Legislature well knew the peculiar system under which these *450 iustituüons-were incorporated, and the working of it; and when providing for a tax on their capital at a valuation, they could not but have intended a tax upon the property in which the capital had been invested. “ Having come to the conclusion that the tax-on the Bank of the Commonwealth is a tax on the properly of the institution, and which consists of the stocks of the United States, we do not perceive how the case can be distinguished from the cases heretofore before the court, and reported in 2 Black, 62Ó. ”
This -we deem conclusive of the question, and we think the plaintiff, in this case, entitled to relief.
It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed. It is further ordered, adjudged and decreed that the plaintiff, ‘1 The Home Insurance Company, ” recover from the defendant, the City of New Orleans, the sum of eleven thousand and thirty-two dollars and twenty-five cents, with eight per cent, interest per annum from the 3d November, eighteen hundred and sixty-four, with costs in both courts.
Rehearing refused.